UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN S.L., Petitioner, v. WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al., Respondents. | No. 1:26-CV-06280-RLP<br><br>ORDER GRANTING HABEAS PETITION |

Before the Court is Esteban S.L.'s[1] ("Petitioner") petition for writ of habeas corpus. ECF No. 1. Petitioner challenges the lawfulness of his civil detention.

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018),

Respondents contend Petitioner is an "applicant for admission" subject to the mandatory detention provisions of 8 U.S.C § 1225(b)(2)(A). The Court disagrees, and finds Petitioner is entitled to a custody redetermination hearing before an immigration judge. Accordingly, his petition is granted.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## DISCUSSION

Petitioner is a native and citizen of Mexico. ECF No. 6-4. He was first apprehended by border patrol agents in May of 2024. *Id*. He was processed and

---

https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

served an I-862 Warrant of Arrest/Notice to Appear. *Id*. He was detained for 7 days before being released on his own recognizance. ECF No. 6-2.

On January 8, 2025, Petitioner filed for asylum relief and withholding of removal proceedings, which remain pending. ECF No. 1-1 at Exh. N. On August 4, 2025, he obtained employment authorization. *Id*. at Exh. O.

Then, on July 1, 2026, Petitioner was encountered and arrested by the Immigrations and Customs Enforcement (ICE) during the execution of a search warrant of a marijuana farm in Tehama County, California. ECF No. 6-1 at 2. No charges have been filed for this arrest, and Petitioner has no criminal history. ECF No. 1 at ¶5. He has since been held in federal custody.

Petitioner contends his detention without a custody determination or bond hearing violates the INA and the Fifth Amendment. Respondents argue Petitioner's work at the marijuana grow facility revoked the order releasing him on his own recognizance, and he is thus an "applicant for admission" subject to mandatory detention under § 1225(b)(2)(A). Respondents offer no factual or legal basis in support of this argument.

Section 1225 authorizes the Government to detain certain noncitizens seeking admission into the United States. *See Jennings v. Rodriguez,* 583 U.S. 281, 289 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the Unites States." *Id*. at 297. Noncitizens are considered "applicants for

admission" when they "arrive" in or are "present" in the United States but have "not been admitted." 8 U.S.C. § 1225(a)(1). In contrast, Section 1226(a) is the "default rule" for noncitizens present in the United States who are arrested and placed in immigration detention. *See Jennings*, 583 U.S. at 303. Section 1226(a) permits the government to release a detainee on bond during the pendency of the detainee's removal proceedings. *Id*.

The term "seeking admission" is not defined under Section 1225. As many cases in this District and this Circuit have found, "seeking admission" is best understood to require "an affirmative act such as entering the United States or applying for status." *See Mosqueda v. Noem*, 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025); *see also Esquivel-Ipina v. LaRose*, 2025 WL 2998361, at *5 (S.D. Cal. Oct. 24, 2025); *Rodriguez v. Bostock*, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

Here, Petitioner was not "seeking admission" within this interpretation. He was arrested during the apparent execution of a search warrant, in the interior of the United States, not while presenting himself at the gate of entry to attempt to apply for admission. *Diaz v. Warden, California City Correction Ctr*., 2026 WL 1765212 at *2 (E.D. Cal. June 18, 2026) ("the Court finds meritless the

Government's position that Petitioner—who, more than three years ago, made an appointment with immigration authorities, presented himself at a port of entry, was paroled into the country, and whose application to register for permanent residence or adjustment of status remains pending—is ‘seeking admission’ and subject to mandatory detention as if he had been arrested attempting to unlawfully cross the border.”); *Medina Rodriguez v. Warden of the Golden State Annex*, 2026 WL 2206240 at *1 (E.D. Cal. July 30, 2026) (same). Accordingly, the Court finds that he is subject to the discretionary detention provisions of Section 1226(a). *See Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026).

Respondents have not made any new legal arguments and have not identified any factual or legal issues warranting Petitioner’s continued detention. Therefore, he is entitled a bond hearing before an immigration judge, 8 C.F.R. §§ 236.1(c)(8), (d)(1), which he has not received.

**Accordingly, IT IS ORDERED:**

1. The Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED.**
2. The Motion for Temporary Restraining Order, **ECF No. 2,** is **DENIED AS MOOT. Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner (A# 249403353) with an individualized bond hearing before an immigration judge that complies

with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances, criminal history, harm to his family, and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3. Within two days of the date of the bond hearing, Respondent is directed to file a notice in this court certifying compliance with this Order. The notice should attach the Immigration Judge's order and/or describe its substantive findings.

//

//

//

//

//

**IT IS SO ORDERED.** Judgment shall be entered in favor of Petitioner and the case closed. The Clerk of Court is directed to transmit a copy of this order to Respondents and Petitioner.

DATED August 26, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE